1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7   GEORGE JACKSON,

8                 Plaintiff,              No. C 12-5046 PJH (PR)

9      vs.                                **ORDER RECLASSIFYING
                                          CASE AND DISMISSING**
10  J. CLARK KELSO, et. al.,              **WITH LEAVE TO AMEND**

11                Defendants.
                                    /
12

13        This case was opened when Jackson filed a habeas petition with the court (nature of

14  suit 530).  However, a review of the petition indicates that plaintiff is raising claims

15  regarding prison conditions (nature of suit 555).  The clerk shall reclassify the case on the

16  docket as a civil rights case, nature of suit 555.  Plaintiff has been granted leave to proceed

17  in forma pauperis.

18                              **DISCUSSION**

19  **A.     Standard of Review**

20        Federal courts must engage in a preliminary screening of cases in which prisoners

21  seek redress from a governmental entity or officer or employee of a governmental entity.

22  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

23  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

24  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

25  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

26  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

28  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

2   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

3   omitted).  Although in order to state a claim a complaint "does not need detailed factual

4   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

5   requires more than labels and conclusions, and a formulaic recitation of the elements of a

6   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

7   above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

8   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

9   plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained

10  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

11  framework of a complaint, they must be supported by factual allegations.  When there are

12  well-pleaded factual allegations, a court should assume their veracity and then determine

13  whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct.

14  1937, 1950 (2009).

15       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements:  (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged deprivation was committed by a person acting under the

18  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.    Legal Claims**

20       Plaintiff alleges that his constitutional rights for medical care and his due process

21  rights have been violated.  However, other than stating defendants are violating the law and

22  should be criminally prosecuted, plaintiff has not discussed his medical needs and how

23  defendants have provided improper medical care.  The complaint will be dismissed with

24  leave to amend, for plaintiff to identify specific defendants and describe how they were

25  deliberately indifferent to his serious medical needs.  The court cannot prosecute

26  defendants for violating California Penal Law, so plaintiff should not set forth such

27  allegations in an amended complaint.

28  ///

**United States District Court**
For the Northern District of California

**CONCLUSION**

1. The clerk shall reclassify this case as a civil rights case (nature of suit 555).

2. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 4, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated: January 4, 2013.    _____
                                        PHYLLIS J. HAMILTON
                                        United States District Judge

G:\PRO-SE\PJH\CR.12\Jackson5046.dwlta.wpd